UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES R. STOWE                                                                                           PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 1:14CV343-LG-RHW

NINA ENLERS et al                                                                                    DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff James R. Stowe, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that employees of the South Mississippi Correctional Institution (SMCI) failed to protect him from an assault by another inmate. Stowe filed the complaint on September 4, 2014, naming as Defendants Nina Enlers, Shetica Lockhart, Unknown Collins, and Unknown Rankin. Doc. [1]. Defendants Enlers and Lockhart filed an answer to the complaint. Doc. [12]. Defendants Collins and Rankin have not made an appearance in the case. Although it appears that Defendant Rankin was served by certified mail, the summons was returned unexecuted as to Defendant Collins. *See* doc. [21] & [22].

**Factual Background**

On January 13, 2015, the undersigned conducted a screening hearing pursuant to 28 U.S.C. § 1915A. Doc. [28]. Defendants Enlers and Lockhart filed a motion for summary judgment on January 27, 2015, alleging that Plaintiff did not exhaust available administrative remedies prior to bringing the lawsuit. Doc. [19]. Then on April 15, 2015, Defendants Enlers and Lockhart filed a second motion for summary judgment addressing the merits of Stowe's complaint. Doc. [26].

In his complaint, Stowe alleges that he had an altercation with another inmate and that the

Defendants were informed of the threat prior to the incident but that they did nothing to prevent it. Doc. [1] at 4. Stowe alleges that the attack occurred because procedures were not followed after the first attack and that the prison lacks proper lighting and security cameras. *Id.* He seeks punitive and actual damages in the amount of $60,000, as well as injunctive relief. *Id.*

In a supplemental pleading, Stowe provided more detail about the incident in question. Doc. [7]. He stated that on June 9, 2014, he and another inmate (later identified at the screening hearing as "Ironhead") had an altercation. Stowe spoke to Defendant Enlers about the altercation the morning after it occurred (June 10, 2014). Another inmate, Michael Caskell (also identified in the pleadings by the last name "McCaskell"), also informed Defendant Lockhart about the incident. Defendants Enlers and Lockhart said they would look into the issue. On the evening of June 11, 2014, Ironhead assaulted Stowe for a second time. Ironhead chased Stowe around the zone repeatedly beating Stowe and yelling that he was going to kill him. The tower officer saw what was happening and opened the door to let Stowe out of the zone. The tower officer also called for back up. Defendants Collins and Rankin arrived on the zone but did not secure Ironhead, who then ran out of the zone and attacked Stowe in the hallway. The officers finally managed to subdue Ironhead and escort him away from the zone. Stowe feels that Enlers and Lockhart are responsible for the second assault because they did nothing after the first altercation between Stowe and Ironhead. Stowe also feels that Collins and Rankin did not secure the building properly thereby allowing Ironhead to get into the hallway and continue attacking Stowe.

Stowe testified at the screening under oath hearing and basically corroborated the account in his pleadings but with some additional detail. He indicated that prior to the first incident of

June 9, 2014, he had absolutely no problems with Ironhead. Doc. [28] at 11. The first incident simply occurred because Stowe intervened to prevent Ironhead from assaulting a handicapped inmate. *Id.* at 12-13. When Stowe intervened to prevent the assault, Ironhead pushed Stowe and then walked away. *Id.* The next day, Stowe and McCaskell informed Enlers and Lockhart about this incident. *Id.* at 14-16. On June 11th, Ironhead came up behind Stowe and hit him three times behind the ear. *Id.* at 17-18. Stowe had no idea that Ironhead was going to attack him. *Id.* Ironhead did not say anything prior to the second incident. *Id.* at 18. When Collins and Rankin arrived as back up, they walked to the other side of the zone and not the side where Ironhead was located. *Id.* at 20. They did not secure the door. *Id.* According to Stowe, this allowed Ironhead to run into the hallway and continue his attack on Stowe. *Id.* at 20-21. Collins then ran into the hall and sprayed Ironhead with mace, thereby ending the assault. *Id.* at 21.

## Law and Analysis

### Standard of Review

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most

favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

The motions for summary judgment were filed only on behalf of Defendants Enlers and Lockhart.  The Court notes that Defendants did not include any exhibits or other summary-judgment evidence with their second motion for summary judgment.  Neither of the motions were filed on behalf of Defendants Collins and Rankin.  Regardless, the undersigned finds that Stowe's lawsuit should be dismissed as to all Defendants pursuant to the provisions of § 1915 because he has failed to state a claim for failure to protect.

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees.  However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss

a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**Exhaustion of Administrative Remedies**

In their first motion for summary judgment, Defendants Enlers and Lockhart assert that Stowe failed to exhaust his claims through the prison grievance system. Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) overruled on other grounds by *Jones v. Bock* 549 U.S. 199, 214-15 (2007). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.*

Defendants concede that Stowe filed a grievance through the administrative remedies program. However, Defendants argue that Stowe failed to exhaust because he did not seek monetary damages in his ARP complaint. Instead, he only sought to file charges against everyone involved in the incident. The undersigned concludes that Defendants' motion to dismiss based on failure to exhaust should be denied. A prisoner's grievance need only provide prison officials with "fair notice" of the problem that will form the basis of the prisoner's later-filed lawsuit. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012); *Johnson v.Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). The grievance must be sufficient in detail to give prison officials time and opportunity to address complaints internally before allowing the initiation of a federal lawsuit. *Moussazadeh*, 703 F.3d at 788. An inmate need not present a full-fledged legal theory in his grievance. *Johnson*, 385 F.3d at 518. Prisoner grievances are not required to allege a specific legal theory or facts that correspond to all of the required elements of a particular legal theory. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir.

2003).

Defendants' motion attempts to hold Stowe's grievance to a higher standard of pleading than is required for exhaustion of administrative remedies. The undersigned finds that the grievance filed by Stowe, although it did not parallel his § 1983 complaint with respect to remedies, gave prison officials fair notice of the nature of Stowe's complaint; namely, that he was assaulted by another inmate and believed that prison employees were responsible for allowing the attack to occur. The undersigned recommends denying Defendants' motion for summary judgment on the issue of exhaustion.

**Failure to Protect**

In their second motion for summary judgment, Defendants Enlers and Lockhart argue that Stowe failed to state a claim against them. Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk. *Id.* at 837. An officer's awareness of the risk is evaluated subjectively. *Longoria*, 473 F.3d at 592-93. A prison official knows of an excessive risk only if (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists and (2) he in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted.

*Id.*

  The undisputed facts as presented by Stowe indicate that on June 9th, Stowe intervened to protect another inmate from being assaulted by Ironhead. Ironhead pushed Stowe with both hands and then walked away. Stowe affirmed that there was no prior history of animosity between Ironhead and Stowe. On June 10th Defendants Enlers and Lockhart were notified about the altercation of June 9th. There is no suggestion in this narrative of events that a substantial risk of future serious harm existed after the first incident. Rather, Ironhead simply pushed Stowe once and walked away. Moreover, Stowe was not the target of Ironhead's initial aggression. Stowe merely intervened to protect another inmate from an attack. There is no evidence of further interaction between these two individuals from June 9th until June 11th when Ironhead unexpectedly came up behind Stowe and began punching him. The undersigned concludes that the mere fact that Stowe informed Enlers and Lockhart that he had been pushed on one occasion by Ironhead did not put Defendants on notice such that their subsequent inaction constituted deliberate indifference to a substantial risk of serious harm. Accordingly, the undersigned recommends that Stowe's claims against Enlers and Lockhart be dismissed.

  The undersigned also recommends that the claims against Defendants Collins and Rankin should be dismissed, because Stowe has failed to state a constitutional claim against them. There is no allegation that Collins and Rankin were aware that Ironhead posed any threat to Stowe prior to the June 11th incident. Collins and Rankin merely responded to the tower officer's call for back up because Ironhead was in the process of attacking Stowe. According to Stowe, Collins and Rankin entered the opposite side of the zone from where Ironhead was located and failed to secure him and the door. Consequently, Ironhead managed to get to the hallway to continue his

attack on Stowe.  At best, Stowe has alleged negligent performance on the part of Collins and Rankin.  He does not allege, or even suggest, that they deliberately placed him in harm's way.  Eventually Collins and Rankin sprayed Ironhead with mace, subdued him, and managed to escort him off of the zone.  Stowe's allegations of negligence against Collins and Rankin do not rise to the level of a constitutional violation.  *See Farmer*, 511 U.S. at 835-36; *Daniels v. Williams*, 474 U.S. 327, 332-36 (1986).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [19] motion for summary judgment for failure to exhaust administrative remedies be DENIED; and that Defendants' [26] motion for summary judgment be GRANTED such that Stowe's complaint is dismissed with prejudice as to all claims and all Defendants.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 27th day of May, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE