IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES R. STOWE**                                                                      **PLAINTIFF**

v.                                                                        CAUSE NO. 1:14CV343-LG-RHW

**NINA ENLERS ET AL.**                                                          **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

BEFORE THE COURT is the [29] Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert H. Walker regarding the Motions for Summary Judgment filed by Defendants Nina Enlers and Shetica Lockhart. Magistrate Judge Walker determined that the [19] Motion for Summary Judgment based on failure to exhaust administrative remedies should be denied, which finding Plaintiff James R. Stowe does not challenge. The Magistrate Judge also determined that the [26] Motion for Summary Judgment filed by Enlers and Lockhart addressing the merits of Stowe's Complaint should be granted, and that the claims against all Defendants, including Defendants Unknown Rankin and Unknown Collins, should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915.

Because Plaintiff Stowe timely filed objections to the Proposed Findings of Fact and Recommendation (ECF No. 33) with respect to the Magistrate Judge's determination that the claims against Defendants should be dismissed pursuant to § 1915, the Court reviews the objected-to portions *de novo*. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921

F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *See, e.g., United States v. Raddatz*, 447 U.S. 667, 675 (1980). Having now done so, the Court is of the opinion that the Magistrate Judge's Findings and Recommendation should be adopted as the opinion of this Court.

## BACKGROUND

On September 4, 2014, Stowe, who is proceeding *pro se* and *in forma pauperis*, filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that certain employees of the South Mississippi Correctional Institution (SMCI) – identified as Defendants Nina Enlers, Shetica Lockhart, Unknown Rankin, and Unknown Collins – failed to protect him from an assault by another inmate. Specifically, Stowe claims that he had an altercation with an inmate known as "Ironhead" when Stowe stepped in to prevent Ironhead from assaulting a handicapped inmate. Stowe testified that he stepped in to protect the inmate and Ironhead "pushed [him] back, walked away, and that was the end of it[.]" (Hearing Tr. 13, ECF No. 28). Stowe alleges that Enlers and Lockhart were informed about the initial altercation, but they did nothing, and Ironhead assaulted Stowe two days later.

Stowe contends that Rankin and Collins failed to protect him during the second altercation because they did not properly secure the area and Ironhead was able to come out into the hall, where Stowe had run to escape the assault:

2

> Mr. Stowe: Collins and Rankin had walked into the zone and walked to the other side of the zone door or the zone itself, not the side that [Ironhead] was on, and did not secure the door, as I was outside, and allowed him [Ironhead] to come off his rack and run out into the hallway and continue to beat on me again out in the hallway.
>
> The Court: So you saw him come off his rack, and he went through the open door.
>
> Mr. Stowe: Yes, Your Honor. . . .
>
> The Court: And he continued to assault you?
>
> Mr. Stowe: Yes, Your Honor.
>
> The Court: For how long?
>
> Mr. Stowe: For a matter of minutes. And at that point, Lieutenant Collins came running out and sprayed him.
>
> The Court: And where did he hit you that time?
>
> Mr. Stowe: In the face.
>
> The Court: And then Lieutenant Collins ran out of the zone?
>
> Mr. Stowe: Ran out in the zone and sprayed him with the mace she had on her side.
>
> The Court: So you claim that Collins and Rankin, when they appeared for backup, they went into the zone and did not stay and protect you?
>
> Mr. Stowe: Yes, Your Honor.
>
> The Court: Is that your basic claim against them?
>
> Mr. Stowe: Well, secure the door to make sure he didn't come back out to assault me even more than what he had already done.

(Hearing Tr. 20-21, ECF No. 28).

There is no dispute that Stowe had never had any problems with Ironhead

prior to the first altercation: "Absolutely none." (Hearing Tr. 11, ECF No. 28).

> The Court: So, to your knowledge, there was no reason, no problems, no animosity, nothing for him to assault – for any reason for him to assault you?
>
> Mr. Stowe: Absolutely correct.

(*Id.*).

## THE LEGAL STANDARD

A Court shall dismiss the case of a plaintiff proceeding *in forma pauperis* if at any time the Court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915. The standard for such dismissal is the same as the standard for evaluating a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Demoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011) (citation and quotation marks omitted). "A plaintiff meets this standard when he pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation and quotation marks omitted).

## DISCUSSION

"[T]he Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). "Prison officials are not, however, expected to prevent all

inmate-on-inmate violence." *Id*. "[T]o establish a failure-to-protect claim under § 1983, [a plaintiff] must show that he [wa]s incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *see also Adames*, 331 F.3d at 512 ("Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm."). "In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Neals*, 59 F.3d at 533 (citation omitted).

**Defendants Enlers and Lockhart**

Stowe states that he "agrees that it is undisputed that there was no prior history of animosity between the plaintiff and Ironhead," but that it is disputed "that Ironhead has a history of violence, a known hatred of white inmates as well as homosexual inmates[.]" (Obj. 2, ECF No. 33). He argues that it is disputed whether Enlers and Lockhart knew of Ironhead's history.

Stowe was provided multiple opportunities – in his original Complaint, an amendment thereto, and during a hearing before the Magistrate Judge – to fully develop the facts of this action, but never once alleged anything akin to the "history of violence" allegations he now makes. Indeed, Magistrate Judge Walker advised Stowe at the beginning of the hearing as follows:

The Court: Okay. Mr. Stowe, I've looked over your complaint. It looks

> like it's rather a single issue that you have. What I'm going to do is briefly summarize what I gleaned from your complaint as to what the facts are and what the issue is. And then I'm going to ask you if you feel comfortable that we have fully discussed your case, because when you leave here today, I want you to be satisfied that you fully advised and apprised the Court of everything about your case. Do you understand?
>
> Mr. Stowe: Yes, Your Honor.

(Hearing Tr. 6, ECF No. 28). Judge Walker, upon completing his questioning, advised Stowe again as follows:

> The Court: Mr. Stowe, I believe that's all the questions I have. Are you — this is where I told you I was going to ask you this question. Are you comfortable that you have fully discussed the incident and all the facts about this case? In other words, is there anything else that you feel like we haven't discussed that's been left off or left out that you want to discuss?
>
> Mr. Stowe: I do know that after the incident had happened, my left knee swelled up, looking like a cantaloupe. From my understanding, he had hit me in the knee with a lock several times, in my left knee.
>
> . . .
>
> The Court: Okay. Anything else?
>
> Mr. Stowe: No, Your Honor.
>
> The Court: You are comfortable that we have fully developed all of the facts of your case?
>
> Mr. Stowe: Yes, Your Honor.

(*Id.* at 23-24).

Stowe's claim that "the Court did not attempt to pierce the corporate veil of the plaintiff's factual allegations[,]" (Obj. 4, ECF No. 33), is disingenuous at best. Rather, the Magistrate Judge construed all allegations in Stowe's favor and found

that the allegations did not rise to the level of failure to protect, a finding with which this Court agrees based on a *de novo* review of the record.

Stowe's new allegations of a known history of violence and hatred by Ironhead are inconsistent with his sworn testimony at the hearing before the Magistrate Judge. Stowe had two separate occasions – in both an amendment and at the hearing – to fully develop his allegations. He has not offered any reason that these allegations were not made before the Magistrate Judge, particularly where the Magistrate Judge gave him every opportunity to do so, as outlined above. Therefore, the Court need not consider Stowe's supplemental "evidence" related to Ironhead's alleged history of violence. *See, e.g.*, *Lewis v. Igwe*, 252 F. App'x 626, 627 (5th Cir. 2007).

Even considering Stowe's new allegations, however, Stowe does not point to any specific incidents of violence by Ironhead against anyone – much less white homosexuals – other than the single incident where Stowe stepped in to protect another inmate.[1] Stowe's conclusory allegations of a "history of violence" and "known hatred" of a certain group do not change the result reached by the Magistrate Judge and this Court after its own review. "Not only is [Stowe]'s assertion regarding [Ironhead]'s 'history of violence' conclusory, but, as a practical matter, prisons are necessarily-dangerous places, which house society's most

---

[1] Stowe now claims that the inmate who was the target of Ironhead's first attack "is a white male and perceived to be a known homosexual . . . ." (Obj. 2, ECF No. 33).

antisocial and violent people in close proximity with one another, thereby making it inevitable that some level of brutality among prisoners may occur." *Sanders v. Goodween*, No. 12-440-SDD-RLB, 2013 WL 5818610, at *6 (M.D. La. Oct. 29, 2013) (citation, quotation marks, brackets, and ellipses omitted).

The Court similarly rejects Stowe's argument – made for the first time in his Objection – that Defendants should have known assault was possible because "Area 2 at SMCI [where the second altercation occurred] is well known for violence on inmates and staff" and because "violence is the everyday norm" in SMCI. (Obj. 5, ECF No. 33). Again, "prisons are dangerous places housing dangerous people." *Vevrete v. Major*, No. 07-cv-00547, 2011 WL 3269319, at *2 (W.D. La. July 29, 2011). As a result, more is required to state a cognizable claim of failure to protect. *See, e.g., id.*; *see also Adames*, 331 F.3d at 512 (prison officials are not expected to prevent all inmate-on-inmate violence).

As he did below, Stowe also claims that Enlers and Lockhart should have done something after being informed about the first incident. The Court agrees with the Magistrate Judge that there is no suggestion from the narrative of events that a substantial risk of future serious harm existed after the first incident; the mere fact that Stowe informed these Defendants that Ironhead had pushed him once and walked away did not put these Defendants on notice that any subsequent inaction constituted deliberate indifference to a substantial risk of serious harm. Stowe was not even the target of the first incident. Thus, at most, these Defendants were guilty of negligent conduct, which does not rise to the level of a constitutional

8

violation.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

**Defendants Rankin and Collins**

With respect to Defendants Rankin and Collins, Stowe argues, as he did below, that the failure to secure the door and stop Ironhead from exiting shows deliberate indifference.[2]  (*See* Obj. 3-4, ECF No. 33).  The Magistrate Judge found that

> at best, Stowe has alleged negligent performance on the part of Collins and Rankin.  He does not allege, or even suggest, that they deliberately placed him in harm's way.  Eventually Collins and Rankin sprayed Ironhead with mace, subdued him, and managed to escort him off the zone.  Stowe's allegations of negligence against Collins and Rankin do not rise to the level of a constitutional violation.

(Rec. 9, ECF No. 29).  After engaging in its own review, this Court agrees.  *See Farmer*, 511 U.S. at 835-36.

## CONCLUSION

After conducting the required *de novo* review, the Court is of the opinion that Stowe's Complaint fails to state a claim and should be dismissed pursuant to 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert H. Walker entered in this cause, should be, and hereby is, adopted as the findings of

---

[2] Stowe further states that Rankin and Collins "stood back and allowed the assault to continue and then when they figured that the plaintiff had been beaten enough, they maced Ironhead . . . ." (Obj. 4, ECF No. 33).  However, this allegation was not made below.  *See, e.g.*, *Lewis*, 252 F. App'x at 627.

this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff James R. Stowe's claims against Defendants are **DISMISSED WITH PREJUDICE**, and that this dismissal counts as a "strike" under 28 U.S.C. § 1915.[3]

**SO ORDERED AND ADJUDGED** this the 27th day of July, 2015.

s/ *Louis Guirola, Jr.*<br>
LOUIS GUIROLA, JR.<br>
CHIEF U.S. DISTRICT JUDGE

---

[3] Stowe contends that any dismissal should be without prejudice and should not count as a strike, but offers no authority or even argument to support this proposition.